## Case No. 13,937.

### In re THOMPSON.

[2 Biss. 481.] [1]

District Court, N. D. Illinois. March Term, 1871.

BANKRUPTCY — DISCHARGE — FIFTY PER CENT. CLAUSE—FAIR CASH VALUE—DIVIDENDS— EXAGGERATED SCHEDULE.

1. [Fifty per cent. clause] is not operative against a bankrupt, if the fair cash value of the assets turned over to the assignee is equal to 50 per cent. of the claims proved, on which he was liable as principal debtor.

2. The change made by the amendment of July 27th, 1868 [15 Stat. 227], clearly indicates that the discharge is not contingent upon the amount of dividend actually received by creditors.

[Cited in Re Waggoner, 5 Fed. 917.]

3. It seems—that if the bankrupt schedules the goods at an exaggerated value a creditor may resist the application, and introduce proof of the actual value of the goods turned over.

In bankruptcy.

Application by bankrupts for their discharge. On the 20th day of July, 1869, Wm. P. Thompson and Geo. H. McClallen were, as co-partners and individually, duly adjudged bankrupts by this court on creditors' petition. [Case No. 13,936.] An assignee of their estate was duly elected, and the estate transferred to him. The total amount of debts proved against the firm was $20,890.98, contracted after January 1, 1869, most of which were not due at the time proceedings were commenced. The indebtedness proved against the estate of Wm. P. Thompson amounted to $116.75, all of which was contracted prior to January 1, 1869. The debts proved against said McClallen individually amounted to $10,683.03, all of which were contracted prior to January 1, 1869, and had been paid by the proceeds of his separate estate. The firm assets, including the choses in action, were scheduled by the firm at nearly seventeen thousand dollars. The goods and fixtures were sold by the marshal, as messenger of the court, before the election of the assignee, and at the instance and request of the majority in number and value of the creditors; and the total amount realized by such sale, and also from collections, was about seven thousand five hundred dollars. The bankrupts took and filed in the case the evidence of several persons who were acquainted with their stock of goods and knew their value, showing that the value of said goods was fully equal to the amount stated in the schedule, and that the sale of said goods was made for much less than

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

half their fair cash value in the market. The actual value of the assets of the bankrupts was, therefore, more than equal to 50 per cent. of the debts proved against them; while the amount realized in money by the assignee for the payment of dividends to the creditors, fell far short of 50 per centum.

Bentley & Hart, for creditors.
Rich & Noble, for Thompson.
Bonney & Griggs, for McClallen.

BLODGETT, District Judge. The bankrupts now apply for a discharge, and the question is, are they entitled to a discharge on the facts as they appear on the record? No written consent of the creditors or any part of them to such discharge is filed.

By the provisions of the bankrupt act as originally passed, no person who was adjudged bankrupt after one year from the time the act took effect, was entitled to his discharge, unless his assets were sufficient to pay fifty cents on the dollar of his proved debts. But by the amendment of the 27th of July, 1868, the change between the original act and the law as it now stands amended, is noteworthy, and seems clearly to indicate that the discharge is not contingent upon the amount of dividend actually realized by the creditors if the fair value of the assets turned over to the assignee was equal to fifty cents on the dollar of the claims proved against him.

The assets must be equal to fifty cents on the dollar of the debts proved. This will not admit of a fictitious or exaggerated valuation of his assets by the bankrupt in his schedule or inventory; while on the contrary, if the assets are, at a fair and just estimate and valuation, equal to fifty per cent. of the debts proved, the bankrupt is not to be denied his discharge by reason of any sacrifice made by the assignee or creditors to convert the assets into cash, or because of the absorption of so large a proportion of the proceeds by expenses as to prevent the payment of fifty cents on the dollar.

In this case the assets taken by the marshal, at their fair cash valuation, amount to more that fifty cents on the dollar of the proved debts. And there is no objection interposed to the discharge on the ground that the assets were overvalued; but, on the contrary, the proof taken shows that the goods were worth all they were scheduled at, and that they were sold within a very few days after the proceedings were commenced, at the instance of a majority of the creditors, and against the protest of the bankrupts; so that if there was any loss on the goods, it was fairly chargeable to the creditors. Undoubtedly any creditor might resist the application for discharge on the ground that the assets surrendered did not bear the required proportion to the debts, and upon the issue thus made, proof of the actual value of the assets could be heard by the court.

But where no such objections are made, and the record shows assets equal in value to fifty per cent. of the debts proved, I think the discharge should issue, if no cause is shown to the contrary; and as no such cause is shown in this case, the discharges will be issued to the bankrupts respectively, on their taking the required oaths and otherwise complying with the rules provided for granting discharges.

NOTE. This rule applies to an involuntary as well as to a voluntary bankrupt. In re Bunster [Case No. 2,136]. The word "assets" in this connection construed. In re Freiderick [Id. 5,092]; In re Kahley [Id. 7,594]. The assets consist of the sum which remains after discharging all liens. In re Graham [Id. 5,661]. It is held in Re Borden [Id. 1,654] that in the absence of proof to the contrary the proceeds in the hands of the assignee will be taken to be the true value of the assets. By the amendment to this 33d section, approved July 14th, 1870 [16 Stat. 276], the fifty per cent. clause does not apply to debts contracted prior to January 1st, 1869. For such debts he may obtain a discharge without reference to this clause. In re Seay [Case No. 12,597]. Consult In re Kahley [Id. 7,593]; In re Lincoln [Id. 8,353].